**O**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL LAWRENCE MATHENY,<br><br>                Plaintiff,<br><br>    vs.<br><br>CAROLYN W. COLVIN, Acting<br>Commissioner of Social Security,<br><br>                Defendant. | CASE NO. ED CV 13-01754 RZ<br><br>MEMORANDUM OPINION<br>AND ORDER |

        Plaintiff Paul Lawrence Matheny argues that the Social Security Commissioner wrongly denied his application for Supplemental Security Income. Although the Commissioner's delegate, the Administrative Law Judge, found that Plaintiff had severe medical impairments, he also found that Plaintiff had the residual capacity to function in the workplace, and perform jobs that existed in sufficient numbers in the economy, and therefore was not disabled. This lawsuit followed.

        Plaintiff makes a single argument. He asserts that the Administrative Law Judge failed to consider Plaintiff's age in the manner required by 20 C.F.R. § 416.963(b). That regulation provides:

> (b) *How we apply the age categories*. When we make a finding about your ability to do other work under

> § 416.920(f)(1) [sic: 416.920(g)(1)], we will use the age categories in paragraphs (c) through (e) of this section. We will use each of the age categories that applies to you during the period for which we must determine if you are disabled. We will not apply the age categories mechanically in a borderline situation. If you are within a few days to a few months of reaching an older age category, and using the older age category would result in a determination or decision that you are disabled, we will consider whether to use the older age category after evaluating the overall impact of all the factors of your case.

A person between the ages of 50 and 54 is called "a person closely approaching advanced age," whereas a person age 55 or older is considered a "person of advanced age." 20 C.F.R. § 416.963(d) and (e). Thus, if a person closely approaching advanced age is, in the language of the regulation, "in a borderline situation," which means "within a few days to a few months" of becoming "a person of advanced age," the regulation states that the Commissioner will consider whether to use the category of advanced age. Assuming (but not deciding) that the Medical-Vocational Guidelines apply here, Plaintiff would be determined to be not disabled if he was a person closely approaching advanced age, but disabled if he was a person of advanced age. Compare 20 C.F.R. Part 404, Subpart P, Appendix 2, Rules 202.13 and 202.04. Plaintiff's argument is that the Administrative Law Judge did not comply with the regulation about how to apply the age categories, because he did not "consider" whether Plaintiff should be treated as if he were a person of advanced age.

The argument is flawed. The Administrative Law Judge only had to consider the older category if Plaintiff was in a borderline situation. At the time of the decision, however, Plaintiff was more than five and a half months away from turning 55. This is not "a few days to a few months." Plaintiff produces no case authority that a person so far away from the border — by approximately 10 percent of the gap between 50 and 55 —

nevertheless could be considered borderline. Nor does it help to call the regulation ambiguous, as Plaintiff does. The regulation is not ambiguous. It merely recognizes the discretion of the Commissioner to be flexible when circumstances call for it.

It must be remembered also that Plaintiff claimed to have been disabled much earlier, as of the time he was 52, when no one could even remotely have considered him to have been near the border of advanced age. Even at the hearing before the Administrative Law Judge, Plaintiff was more than six months away from turning 55. The regulations are not constructed so that the Administrative Law Judge constantly must watch the calendar — first, to see if Plaintiff was in a borderline situation when he claimed an onset of disability; then, if Plaintiff was in a borderline situation when the Administrative Law Judge held a hearing; then if Plaintiff was in a borderline situation when the Administrative Law Judge prepared his original draft; then, if Plaintiff was in a borderline situation when the Administrative Law Judge revised his draft; then, finally, if Plaintiff was in a borderline situation when the Administrative Law Judge issued the final decision. This is not what the regulation is meant to cover. The regulation is meant to cover the situation where a claimant is so close to the next older category that — recognizing the arbitrariness of any line-drawing — it would be just to consider the application of the older category as part of the overall calculus.

Plaintiff argues that the Court should be influenced in its analysis by the Social Security Administration's Programs Operations Manual System ("POMS"). POMS has no binding effect, either on this Court or on an administrative law judge; its only utility is to persuade if, in fact, it is persuasive. *Lockwood v. Commissioner, Social Security Administration*, 616 F.3d 1068, 1073 (9th Cir. 2010). If POMS said what Plaintiff suggests it says — that "[t]he additional vocational adversities justify treating Paul Matheny as an individual of advanced age" (Plaintiff's Memorandum at 6:9-10) — then the Court would not find it persuasive at all. But POMS does not say that, and in fact lays out a methodology that is contrary to Plaintiff's position in this case. The use of "additional vocational adversities" appears in that portion of POMS DI 25015.005 (titled "Age as a

Vocational Factor") that is subtitled "When to use the next higher age category in a borderline age situation," and provides for considering "additional vocational adversities" *after* a decision has been made that a borderline situation exists. *Id*. at D.1. As for whether a borderline age situation exists in the first place, POMS describes that as a two-part test, the first part of which involves answering the question "Is the claimant's age within a few days to a few months of the next higher age category?", and if the answer to that question is "no," then a borderline age situation does not exist. *Id.* at C.4. Furthermore, POMS contains the following statement: "**CAUTION:** The borderline age criteria must apply at the point that adjudicators set the established onset date." *Id*. at C.4.b (bolding in original). Even if the Court were to look at the POMS manual, therefore, that manual would not offer support for Plaintiff's position, which is that a person with a claimed onset of disability at age 52 and a half, who was still five and a half months away from age 55 when the Administrative Law Judge's decision actually was dated, nevertheless must receive consideration as to whether he should be placed in the "advanced age" category.

In short, the Court finds no merit to Plaintiff's claim that, under the facts of this case, the Administrative Law Judge was required to consider whether Plaintiff should be placed in the next older age category. Accordingly, the Commissioner's decision is affirmed.

DATED: June 4, 2014

_____
RALPH ZAREFSKY
UNITED STATES MAGISTRATE JUDGE